IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANDREW MITCHELL,

       Plaintiff,

v.                                     CASE NO. 5:13-cv-421-RS-GRJ

MESSENBURG, et al.,

       Defendant.

_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Defendants Miller and Sanchez filed motions to dismiss the complaint for failure to exhaust administrative remedies prior to filing suit and failure to state a claim upon which relief may be granted.  Docs. 19, 28.  Plaintiff filed responses in opposition to the motions contending that his failure to exhaust should be excused because Defendants had copies of medical records pertaining to the conditions underlying the Complaint. Plaintiff also seeks leave to conduct discovery and to file an amended response to Defendant Sanchez's motion after discovery.  Docs. 31, 34.  For the following reasons, the undersigned concludes that Plaintiff's motions should be denied, and recommends that the motions to dismiss for failure to exhaust administrative remedies should be granted.

## STANDARD OF REVIEW

### A. Motion to Dismiss Standard

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.

*Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-84 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

### B.  Exhaustion Requirement

The PLRA provides that "[n]o action shall be brought" by a prisoner "until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Eleventh Circuit has interpreted this provision to "mandate[ ] strict exhaustion" no matter "the forms of relief sought and offered through administrative avenues."  *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir.2005) (quotation marks omitted). To exhaust administrative remedies, a prisoner must complete the administrative review process according to the rules set forth in the prison grievance process itself.  *Jones v. Bock*, 549 U.S. 199, 218 (2007).  In other words, the PLRA's exhaustion provision requires compliance with prison grievance procedures.  *Id*.

The Eleventh Circuit has stated that "[t]he plain language of [§ 1997e(a) ] makes exhaustion a precondition to filing an action in federal court."  *Leal v. Ga. Dep't of*

*Corrs.*, 254 F.3d 1276, 1279 (11th Cir.2001).  It is also clear that, for exhaustion purposes, the facts that count are those in existence at the time the plaintiff files his lawsuit.  *See Harris v. Garner*, 216 F.3d 970, 974 (11th Cir.2000) (concluding that a plaintiff's status as a prisoner for purposes of § 1997e(e)'s limitation on suits "brought by a prisoner" is determined as of the time suit is filed).  Section 1997e(a) provides that "[n]o action shall be brought ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (emphasis added).   The word "brought" in this context "refer[s] to the filing or commencement of a lawsuit, not to its continuation."  *Harris*, 216 F.3d at 974; *see also Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir.1999) (interpreting § 1997e(a) to mean that a state inmate must comply with state grievance procedures "*before* filing a federal lawsuit under section 1983") (emphasis added).

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005).  "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024-25 (7th Cir. 2002)).

The Florida Administrative Code provides an administrative remedy process for inmates of facilities within the Florida Department of Corrections.  With certain exceptions, inmates initiate the process by submitting an informal grievance.   If the

inmate is dissatisfied with the response to the informal grievance, he can submit a formal grievance at the institutional level within 15 days of the response to the informal grievance. If the inmate is dissatisfied with the response to the formal grievance, to exhaust administrative remedies he must file an appeal with the Office of the Secretary within 15 days of the response to the formal grievance.[1]

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich,* 530 F.3d 1368, 1374, 1376 (11th Cir. 2008). Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside,* 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082. If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.*

## DISCUSSION

Plaintiff's complaint stems from the conditions of confinement at Gulf Correctional Institution with respect to Plaintiff's medical care and work assignment. Plaintiff alleges that he was injured in a car accident prior to his incarceration. The

---

[1] *See* Fla. Admin. Code § 33-103.005-008, § 33-103.011(c).

Defendants are medical personnel at Gulf CI.[2]  From February 2012 to September 23, 2012, Plaintiff was assigned to a work detail outside the prison grounds.  Plaintiff alleges he asked to be placed inside the grounds for work duty due to his health conditions, which required him to use a cane, but that Defendants refused.  Plaintiff alleges that because he was issued a cane pass this alleged refusal to transfer him demonstrates deliberate indifference to his serious medical needs. Plaintiff alleges Defendants refused to let him see a doctor for twelve months. Plaintiff alleges he is entitled to relief on the grounds that from February to October 2012 Defendants "did not bring the Plaintiff back inside the gate" for his work assignment.  Plaintiff alleges by not changing his work assignment Defendants caused his condition to worsen.   As relief, Plaintiff seeks $50,000 for pain and suffering.

Doc. 1.

Defendants motions to dismiss and attached exhibits reflect that with respect to Plaintiff's claim that Defendants refused to change his work assignment and thereby worsened his medical condition, Plaintiff filed no institutional grievances at Gulf CI and did not  petition the Central Office for relief.   The Central Office appeals log for Andrew Mitchell, DC# 813271, reflect that prior to December 31, 2013 (the date that Plaintiff filed this lawsuit), Plaintiff failed to file any grievance appeal for his alleged medical complaints arising from his work assignment in 2012.   The only medically-related grievance appeals on the log were filed at Baker CI in 2004 and 2005.  Docs. 19, 28 Exh. A.

---

[2]The USM has been unable to effect service upon a third defendant, Messenburg.  Because the complaint is due to be dismissed for failure to exhaust remedies, it is unnecessary to redirect service on this defendant.

Plaintiff filed an institutional grievance with the Warden in August 2012 requesting to have back surgery, asking for medication, and complaining about the medication co-payment.  Docs. 19, 28 Exh. B.   Plaintiff's grievance was denied, and he was advised that he could seek administrative review through the Central Office.  Docs. 19, 28 Exh. C.  Plaintiff did not appeal.  Docs. 19, 28 Exh. A.

Plaintiff attached a January 2013 informal grievance to the Complaint in which Plaintiff inquired about whether he would receive further testing for his back pain prior to getting treatment at RMC, and requesting that if he was not going to RMC that he be taken off the waiting list so that he could "go back to the work camp or transfer."  The institutional response reflects that the prison clinician had requested an MRI of Plaintiff's back.  Doc. 1 at 24.  This grievance does not mention a complaint about his work assignment; rather it reflects that Plaintiff was not at that time at the work camp and that he wanted to return to the work camp or transfer.  *See id.*   Further, Plaintiff did not pursue administrative remedies beyond the institutional level.

In opposition to the motions to dismiss, Plaintiff does not suggest that he completed the administrative remedy process with regard to the claims in the complaint.  Rather, Plaintiff reiterates the substance of his underlying claims and contends that he has sufficiently stated a claim for relief because prison officials were in possession of his post-accident medical records that were sent to the prison by Plaintiff's lawyer.  Docs. 22, 32, 33.   Plaintiff's arguments provide no basis for excusing exhaustion of administrative remedies under the PLRA.

On this record, it is clear that Plaintiff failed to comply with the DOC's administrative remedy process regarding his medical treatment and work assignment at Gulf C.I. prior to filing this suit.   Pursuant to the PLRA, this case must be dismissed for

failure to exhaust administrative remedies.  *See Jones,* 549 U.S. at 211.

In light of the foregoing, it is **ORDERED** that Plaintiff's Motion for Discovery,

Doc. 31, and Motion to Amend his responses to the motion to dismiss, Doc. 34, are

**DENIED.**

It is respectfully **RECOMMENDED** that Defendants' Motions to Dismiss, Docs.

19 and 28, should be **GRANTED** and this case should be **DISMISSED** for failure to

exhaust administrative remedies before filing suit.

**IN CHAMBERS**  this 4th day of February  2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**